# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARIELLE WOLINSKY,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-3985 |
| | : | |
| **A&M TRANSIT LINES, INC., et al.,** | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                 November 2, 2009

      Arielle Wolinsky was a passenger on a Greyhound bus traveling through the Lincoln Tunnel in the State of New Jersey when it was involved in a collision with another bus owned by A&M Transit Lines. She brought a negligence action in the Court of Common Pleas of Philadelphia County against (1) A&M; (2) Greyhound Lines and Laidlaw International, as co-owners of the bus upon which she was riding; and (3) Francisco C. Martinez, the driver of the Greyhound bus. The defendants properly removed the action here based on the diversity of citizenship of the parties. Defendants Martinez, Greyhound, and Laidlaw have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will deny the motion, but give the plaintiff twenty days within which to file an amended complaint setting forth a factual basis for her claim against each of the moving defendants.

## I. BACKGROUND

According to her complaint, Miss Wolinsky was a passenger on a bus owned by Greyhound and Laidlaw while being operated by Mr. Martinez as it traveled in an eastbound direction through the south tube of the Lincoln Tunnel on the morning of December 6, 2008. See Compl. ¶ 9. Jeffrey A. Cook was allegedly operating the A&M bus in such a negligent, careless, and reckless manner that it caused the A&M bus to strike the rear of the Greyhound bus, causing injuries to Miss Wolinsky. Id. ¶ 10. As a result of these injuries, Miss Wolinsky suffered serious and severe personal injuries which are or may be permanent in nature. She continues to undergo medical care. Id. ¶¶ 14-15.

## II. STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## III. DISCUSSION

The three defendants argue in their motion to dismiss that the complaint fails to satisfy these pleading requirements. They point out that the complaint fails to assert any cause of action against them or otherwise allege any negligence or wrongdoing on their part. Although mindful that the pleading standards set forth above are not onerous, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-511 (2002), I agree with the defendants that the plaintiff has not alleged enough factual matter, taken as true, to suggest that the acts of the moving defendants were negligent. See Twombly, 550 U.S. at 556, n.3. She

3

has, however, put the moving defendants on notice of her claim of negligence against them. While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, she is required to allege facts that support a claim for relief.

Miss Wolinsky's complaint lacks any specific facts showing negligent behavior on the part of the moving defendants. She alleges that she was a passenger on the Greyhound bus driven by Mr. Martinez at the time of the collision, and specifies that the collision was caused by the careless, reckless, and negligent operation of the bus by Jeffrey A. Cook, the driver of the A&M bus which, in effect, rear-ended the Greyhound bus. The plaintiff argues that Paragraph 12 of her complaint provides the factual basis for her claim against the moving defendants. Paragraph 12 is a compilation of various poor driving behaviors which the plaintiff attributes to all of the defendants, and which she alleges is the cause of the accident. No other allegations are found in the complaint to suggest that the moving defendants were negligent or acted in any way that would have caused the collision. See Twombly, 550 U.S. at 555 (a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do) (quoting FED.R.CIV.P. 8(a)(2)).

The Third Circuit has held that, even where not sought, leave to amend must be granted if a deficiency in the complaint could be cured by amendment. Nix v. Welch & White, P.A., 55 Fed. Appx. 71 (3d Cir. 2003) (citing Shane v. Fauver, 213 F.3d 113, 116

4

(3d Cir. 2000). District courts should, before dismissing a claim:

> Expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Shane, 213 F.3d at 116 (citing Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

Accordingly, although the complaint fails to set forth a sufficient factual basis that raises the negligence claim against the moving defendants above the speculative level, I find that this deficiency can be cured by granting the plaintiff leave to file an amended complaint. The plaintiff shall have twenty days from the date of this Order to file her amendment. The defendants may again seek dismissal if the amendment is not timely filed.

An appropriate Order follows.